## Estate of Frank LaCross v. Minnie Godnick

( 170 A.2d 634 )

March Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 2, 1961

*Bloomer & Bloomer* for the plaintiff.

*Loveland & Hackel* for the defendant.

**Barney, J.** The plaintiff estate is seeking a recovery for breach of a certain agreement for the provision of support and living accommodations made between the decedent, Frank LaCross, and his daughter and son-in-law, Malvina and Howard Jones. The suit has been instituted in equity against the defendant, Minnie Godnick, as present owner of the residential property conveyed by the decedent by warranty deed to the Joneses. In its bill the plaintiff claims an equitable lien against the property for the value of the unperformed portion of the support agreement. The defendant's demurrer to the bill was overruled by the chancellor and the cause brought here before final judgment in accordance with the provisions of 12 V.S.A. §2386.

The agreement to support the decedent, by its terms, declared itself to be part of the consideration for the deed to the Joneses. The deed itself made no reference to the agreement, and neither the deed nor the agreement imposed any conditions on the passage of title or purported to make the agreement an encumbrance on the property.

The deed from the decedent to the Joneses and the agreement between them were executed contemporaneously and with identical formality. Both were duly recorded in the land records of the city of Rutland.

After carrying out the agreement for some nine years, the Joneses, without the knowledge or consent of the decedent, conveyed the property by warranty deed to this defendant. The support agreement again was not mentioned in the deed, and title was not made conditional nor a lien reserved on account of it. At some time after this conveyance the Joneses placed the decedent in an out-of-state institution, and in other ways breached the support agreement. It is on these facts that plaintiff bases its claim for an equitable lien on the defendant's property.

The plaintiff suggests that *Norton's Admr.* v. *Perkins,* 67 Vt. 203, 31 A. 148, fully supports its position. The factual situation in that case was very like this one. However, they differ on two critical points. In the Norton case recovery was being sought against the party who had engaged to furnish the support, not, as here, a stranger to the transaction. Also, the agreement in that case specifically conditioned defendant's title upon performance of the support contract, which is not true here.

With neither of these circumstances present in this transaction, the Norton case is not authoritative here. Recent cases have gone so far as to say that equity will give consideration to expressions in a deed that do not follow the formal language of a condition. *Blanchard* v. *Knights,* 121 Vt. 29, 36, 146 A.2d 173. But there it was recited in the deed itself that the conveyance was "encumbered" by an agreement for support. No such language appears in this deed, or even in the accompanying support agreement. In short, there is no language of any kind on which to erect a condition. It might well be said that holding that the mere presence of a recorded, simultaneous, support agreement creates a condition without language suggesting such an intention would make it very difficult to make an unencumbered transfer contemporaneously with such an agreement.

It must also be kept in mind that third party rights are involved in this case. The protection of such interests moves the law to insist on some language setting out the burden intended to be imposed on the property. *Blanchard* v. *Knights, supra,* 121 Vt. 29,

37, 146 A.2d 173. The objective of ready alienability of real property requires that estates being transferred be clearly defined. The only estate here conveyed was, on both occasions, an estate in fee simple, without conditions and without lien. No basis for the intervention of equity has been shown.

*The order overruling the demurrer is reversed, and the cause is remanded.*